# STATE OF MICHIGAN

# COURT OF APPEALS

AGRI-SCIENCE TECHNOLOGIES, L.L.C.,

      Plaintiff-Appellant,

v

GREINER'S GREEN ACRES, INC.,

      Defendant-Appellee.

UNPUBLISHED
March 17, 2016

No. 325182
Oceana Circuit Court
LC No. 14-010505-CK

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

Plaintiff, Agri-Science Technologies, L.L.C., appeals as of right the trial court's order granting summary disposition in favor of defendant, Greiner's Green Acres, Inc., on its claims under the Uniform Commercial Code (UCC), MCL 440.1101 *et seq.* We affirm.

## I. FACTUAL BACKGROUND

In 2008, Greiner's transferred its property that was part of a 700-acre family farm to James Greiner. Greiner's retained a security interest in the property that included in pertinent part collateral of about $1.2 million in equipment and machinery. James defaulted on his agreements with Greiner's and, in 2010, Greiner's sued James to recover the property. In May 2011, James and Greiner's agreed that James would return the farm to Greiner's if he could not obtain refinancing. The trial court stayed the settlement agreement while James attempted to obtain refinancing.

Meanwhile, on February 3, 2012, Agri-Science loaned James about $180,000 and took a security interest in specific equipment and personal property. Agri-Science recorded its security interests in a UCC financing statement on February 10, 2012.

On July 3, 2012, James and Greiner's settlement agreement became effective. The settlement transferred the property back to Greiner's and Greiner's agreed to accept the collateral in exchange for extinguishing James's debts. At some point, James defaulted on his obligations to Agri-Science and, in April 2014, Agri-Science obtained a judgment against James for $204,716 and the right to possess the collateral, "[s]ubject to any prior, duly, and appropriately perfected security interests . . . ."

-1-

In May 2014, Agri-Science filed a complaint alleging that Greiner's violated the UCC when it disposed of collateral, including a piece of cherry pitting equipment, without notifying Agri-Science under the UCC. Greiner's moved for summary disposition under MCR 2.116(C)(8) and (10) on the basis that because Agri-Science was a junior lienholder, Greiner's July 2012 foreclosure of James's property extinguished Agri-Science's rights to the collateral. Agri-Science responded that it was entitled to discovery to determine whether other collateral was sold and whether Greiner's failure to notify it of the foreclosure damaged it. At the argument on the motion, Greiner's contended that even if it had notified Agri-Science of the satisfaction, the value of the collateral was not sufficient to cover Greiner's secured interests and Agri-Science, the junior lienholder, would not have recovered any value from the property. Adopting the reasoning in Greiner's motion for summary disposition, the trial court granted summary disposition to Greiner's.

Agri-Science now appeals.

## II. STANDARD OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition under MCR 2.116(C)(10). *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

To survive a motion for summary disposition, once the nonmoving party has identified issues in which there are no disputed issues of material fact, the burden is on the plaintiff to show that disputed issues exist. MCR 2.116(G)(4); *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The nonmoving party "must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Id*. If the nonmoving party does not make such a showing, the trial court properly grants summary disposition. *Id*. at 363.

## III. ANALYSIS

Agri-Science contends that the trial court prematurely granted summary disposition because there were genuine issues of material fact regarding whether (1) the cherry pitter sale was commercially reasonable, (2) Greiner's improperly disposed of other collateral, and (3) Greiner's failure to notify it of the foreclosure prevented it from filing an objection to the foreclosure and caused Agri-Science to suffer damages. We disagree.

The UCC allows a secured party to accept collateral as satisfaction of a debtor's obligation. MCL 440.9620(1). However, the secured party must meet certain conditions to do so, including sending notification to other secured lienholders that have filed financing statements:

> (1) A secured party that desires to accept collateral in full or partial satisfaction of the obligation it secures shall send its proposal to all of the following:

\* \* \*

(b) *Any other secured party or lienholder that*, 10 days before the debtor consented to the acceptance, *held a security interest in or other lien on the collateral perfected by the filing of a financing statement . . . .* [MCL 440.9621. Also see MCL 440.9620.]

Even if the secured party fails to comply with these requirements, when the secured party accepts the collateral in satisfaction of the debtor's obligation, that acceptance extinguishes subordinate interests in the collateral:

(1) A secured party's acceptance of collateral in full or partial satisfaction of the obligation it secures does all of the following:

(a) Discharges the obligation to the extent consented to by the debtor.

(b) Transfers to the secured party all of a debtor's rights in the collateral.

(c) Discharges the security interest or agricultural lien that is the subject of the debtor's consent and any subordinate security interest or other subordinate lien.

(d) Terminates any other subordinate interest.

(2) *A subordinate interest is discharged or terminated under subsection (1), even if the secured party fails to comply with this article.* [MCL 440.9622 (emphasis added).]

But if another party holding a security interest is damaged by the secured party's failure to comply with the UCC, the party who failed to comply may be liable to the other secured party for damages. MCL 440.9625(2) and (3)(a).

First, Agri-Science argues that issues of fact exist regarding the disposition of the cherry picker and other collateral. In this case, the parties do not dispute that Greiner's secured interests in the property were senior to Agri-Science's. The parties also do not dispute that the settlement agreement in which Greiner's accepted the collateral as a satisfaction of James's debt was a strict foreclosure. Even though Greiner's did not comply with the UCC by notifying Agri-Science, a junior lienholder who had filed a security interest, of its intent to accept the collateral in satisfaction of James's debts, this failure did not invalidate that transfer. See MCL 440.9622. Agri-Science no longer has an interest in the collateral. Accordingly, we conclude that the trial court properly determined that how Greiner's disposed of the collateral was not an issue of material fact in this case—no amount of factual development will restore Agri-Science's interest in the collateral.

Second, regarding whether Agri-Science was damaged by Greiner's failure to notify it about the satisfaction, we reject Greiner's argument that this issue is not properly before this Court. An issue is preserved if it was raised before, addressed, or decided by the trial court or administrative tribunal. *Gen Motors Corp v Dep't of Treas*, 290 Mich App 355, 386; 803 NW2d 698 (2010). In this case, the parties argued the effect of the failure to notify Agri-Science at the

motion hearing and the trial court rejected the argument, stating that Agri-Science was not harmed by the lack of notice because its interest was subordinate to other secured interests and it would have received no proceeds from the collateral. We conclude that the issue is sufficiently preserved for our review.

On the basis of the documentary evidence, we conclude that the issue does not warrant reversal. The security agreement between James and Griener's provided that James granted Greiner's a security interest in the collateral in the amount of about $1.2 million. The former secretary of Greiner's averred that, in 2010 and 2011, James disposed of some of the machines that were part of the collateral.[1] Agri-Science was a junior lienholder and had a security interest in the same collateral. There is no indication that the value of the collateral at the time of the July 2012 satisfaction agreement exceeded $1.2 million. In its motion for summary disposition, Greiner's contended that there was no question of fact regarding whether Agri-Science would have received any money from a foreclosure on the collateral. Agri-Science did not provide any evidence to indicate that, even had Greiner's not deprived it of the opportunity to object to the satisfaction between James and Greiner's, it would have recovered any amount at the time of the satisfaction under MCL 440.9621. Accordingly, Agri-Science did not meet its burden to show that a genuine issue of material fact existed on this issue. See *Quinto*, 451 Mich 362. We conclude that the trial court properly granted summary disposition.

We affirm.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Christopher M. Murray

---

[1] In an affidavit, the secretary provided that James sold a quick-frozen machine in August 2010 and a carrot buggy in the spring of 2011, machines which were part of the collateral securing James's loan to Greiner's.